Devin Fok (SBN #256599)
devin@devinfoklaw.com
**DHF Law, PC**
16 N. Marengo Ave., Suite 403
Pasadena, CA 91101
Ph: (310) 430-9933
Fax: (818) 484-2023

Attorneys for Plaintiff and the Proposed Class

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| DAVID A. ETTEDGUI,<br><br>          Plaintiff(s),<br><br>     vs.<br><br>HIRERIGHT, INC.; CREATIVE ARTS AGENCY, LLC.; and DOES 1-10 inclusive,<br><br>          Defendants. | CASE NO.: 8:19-cv-01071<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff DAVID A. ETTEDGUI (hereafter "Plaintiff") complains against Defendants HIRERIGHT, INC. (hereafter "HireRight"), and CREATIVE ARTS AGENCY, LLC. ("CAA"); and DOES 1-10 inclusive (hereinafter collectively as "Defendants"), and alleges as follows:

//

CLASS ACTION COMPLAINT FOR DAMAGES

// 

## THE PARTIES

1. Plaintiff is a resident of the County of Los Angeles in the State of California.

2. Defendant HIRERIGHT, INC. is at all times herein mentioned was, a California corporation with its principal place of business located in Orange County.

3. Defendant CREATIVE ARTS AGENCY, LLC. Is at all times herein mentioned as, a California corporation with its principal place of business located in Los Angeles County.

4. Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained.

5. Plaintiff is informed and believes and thereon alleges that each of the Doe Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

6. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were agents of each other and of the named Defendants and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

## FACTS

7. On or about May 2017, Plaintiff applied for work at the Creative Arts Agency, LLC. ("CAA"). He was conditionally hired on or about May 30, 2017.

CLASS ACTION COMPLAINT FOR DAMAGES

8. In connection with his employment application, CAA procured an investigative consumer report within the meaning of California Investigative Consumer Reporting Agencies Act ("ICRAA" Cal. Civ. C. §1786 *et seq.*) §1786.2(c) and/or a consumer report within the meaning of the Fair Credit Reporting Act 15 USC §1681a(d) (hereafter collectively as "background report").

9. On or about June 2, 2017, Laura Wallace from CAA called Plaintiff informing him that Plaintiff had failed his background check. CAA revoked the conditional offer of employment on that date.

10. Plaintiff repeatedly attempted to obtain more information from Laura Wallace as to the basis of the disqualification. Ms. Wallace stonewalled Plaintiff and never provided him with any information or any reasonable opportunity to dispute the content of the report. Neither Ms. Wallace nor CAA ever provided Plaintiff with a pre-adverse action notice as required under the law.

11. Ms. Wallace informed HireRight that Plaintiff failed to pass the criminal background check on or about June 6, 2017 despite the fact that Plaintiff has never been prosecuted or convicted of any crimes.

12. On or about June 6, 2017, HireRight furnished a completed background report to Plaintiff adjudicating plaintiff as "Does Not Meet Company Standards" based on its criminal background screening.

13. However, Plaintiff was never prosecuted, or convicted of any crimes other than minor traffic violations.

14. HireRight's report does not disclose any information related to the alleged disqualifying conviction.

15. On or about June 7, 2017, Plaintiff contacted HireRight regarding the error.

16. On or about June 12, 2017, HireRight stated via email that this was "likely an error" due to the employer falsely adjudicating Plaintiff as

-3-

CLASS ACTION COMPLAINT FOR DAMAGES

having failed the criminal background check when the employer intended to adjudicate Plaintiff as having failed the educational portion of the background check.

17. According to the HireRight report, Plaintiff never received a bachelor's degree from California State University, Northridge ("CSUN") and that Plaintiff falsified his employment application.

18. This is patently false as both Plaintiff and CSUN separately informed CAA and should have been independently verified by HireRight that Plaintiff "completed all requirements of the Bachelor of Arts Degree and Cinema and Television Arts- Screenwriting from California State University, Northridge."

19. HireRight knew or should have known that Plaintiff received his bachelor's degree no later than May 26, 2017.

20. Upon further inquiry, both CAA and HireRight failed to disclose any other basis of disqualification except disqualification based on criminal history.

21. Despite Plaintiff's dispute and HireRight's admission of a potential error in Plaintiff's report, the report has never been corrected and no clean report has ever been issued.

## CLASS ALLEGATIONS

22. CAA's practices and procedures described herein affected and continue to affect Plaintiff and other consumers who have been subject to an adverse employment action on the basis of information in consumer reports.

23. Plaintiff asserts his claims in Counts 1 on behalf of a putative subclass defined as follows:

> All nature persons residing in the United States who, within five years from the filing of this action, were the subject of a consumer report prepared at the request of CAA for employment

-4-

CLASS ACTION COMPLAINT FOR DAMAGES

purposes and who were the subject to an adverse employment action based on that report.

24. <u>Numerosity</u>: The Class is so numerous that joinder of all members is impracticable. CAA regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment action. Plaintiff is informed and believes that, during the relevant time period, CAA failed to provide a pre-adverse action or adverse action notice to thousands of employees and prospective employees. The numerosity of the proposed class satisfies the definition of the Putative class.

25. <u>Commonality</u>: There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. Those questions include:

    (a) whether CAA violated 15 U.S.C. § 1681b(b)(3)(A) by failing to provide pre-adverse action notice to consumers before taking adverse action in whole or in part based on a consumer report;

    (b) whether CAA's violations were willful.

26. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories. CAA typically uses consumer reports to conduct background checks on employees and prospective employees. CAA typically contingently hires these employees prior to conducting background checks, and only orders background checks after it has been determined that employees are qualified for the position. CAA routinely takes adverse action based in whole or in part on consumer reports, and denies employment to consumers who do not receive a "green" adjudication. Finally, CAA typically does not provide pre-adverse action and adverse action notices to

these consumers prior to or following the taking of adverse action, respectively. The FCRA violations suffered by Plaintiff are typical of those suffered by other Putative Class members, and CAA treated Plaintiff consistently with other Putative Class members in accordance with its standard policies and practices.

27. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter and has no conflict with the Class. Plaintiff has secured counsel experienced in handling civil rights and consumer class actions.

28. This action should be maintained as a class action pursuant to Rule 23(b)(3) because the questions of law and fact common to Class Members predominate over any questions affecting only individual Class members, and a class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class Members in individually controlling the prosecution of separate claims against CAA is small. Management of the Class claims will avoid inconsistent judgments and result in a more efficient use of judicial resources than resolving these same issues in many individual cases.

29. CAA, solely or in combination with HireRight, maintains records based on which all class members can be identified. These records also contain address information. Upon certification, Plaintiffs will send class notice via first class mail to all members of the class, such notices to be mailed to class members' last known address as determined by comparing CAA's information with the National Change of Address database.

# FIRST CAUSE OF ACTION
**(Violation of 15 USC §1681b COLLECTIVELY against CAA and Does 1-5)**

30. Plaintiff realleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

31. CAA used a "consumer report," as defined by the FCRA, to take adverse employment action against Plaintiff and other members of the Putative Class.

32. CAA violated the FCRA by failing to provide Plaintiff and other Putative Class members, prior to taking adverse action, with notice that adverse action would be taken in whole or in part based on a consumer report, along with a copy of the consumer report and a compliant description in writing of the rights of the consumer.

33. The foregoing violations were willful. CAA acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Class members under 15 U.S.C. § 1681b(b)(3)(A). The willfulness of CAA's conduct is reflected by, among other things, the following facts:

   a. Based on the plain language of the statute, legal advice provided by its own general counsel or outside employment counsel, and published FTC guidance, CAA knew or should have known that its failure to provide pre-adverse action notice was unlawful.;

   b. Moreover, based on the certification executed and memorialized by HireRight and itself, CAA explicitly acknowledged that it has the duty to provide a pre-adverse action notice as specified under the FCRA;

   c. CAA could have complied with the statutory duty to provide a pre-adverse action notice either by sending the notice directly to the affected consumer job applicant, or by contracting with HireRight to do so on its behalf;

   d. Despite the clear notice of the law, full ability to comply, and ample opportunity, CAA failed to adopt any measure which

would have provided the required notice to Plaintiff and the Class.

34. Plaintiff and the Putative Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

35. Plaintiff and the Putative Class are further entitled to recover their costs and attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## SECOND CAUSE OF ACTION

**(Violation of Cal. Civ. C. §1786.20(b) INDIVIDUALLY against HireRight and Does 6-10)**

36. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

37. Defendant willfully and/or recklessly violated §1786.20(b) by failing to utilize reasonable procedures to ensure the maximum possible accuracy of the information.

38. Plaintiff alleges that Defendant's actions were willful and/or reckless as Defendant knew or should have known, that utilizing a procedure that did not even require an exact name match would create serious inaccuracies in its reports.

39. Alternatively, Plaintiff alleges that Defendant's actions were negligent as Defendant did not utilize reasonable procedures to ensure that the reported information was accurate.

## THIRD CAUSE OF ACTION

**(Violation of Cal. Civ. C. 1786.28(b) INDIVIDUALLY against HireRight and Does 6-10)**

40. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

41. Defendant willfully and/or recklessly violated §1786.28(b) by failing to use strict procedures to ensure that the public records information disclosed on Plaintiff's consumer report was complete and up to date.

42. Defendant's willful and/or reckless violation of the statute entitles Plaintiff to actual damages, attorney's fees as well as statutory penalties.

43. Alternatively, Plaintiff alleges that Defendant's conduct was negligent.

## FOURTH CAUSE OF ACTION

**(Violation of Cal. Civ. C. 1786.24 INDIVIDUALLY against HireRight and Does 1-10)**

44. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

45. Defendant willfully and/or recklessly violated §1786.24by failing to correct and/or delete the erroneous information from Plaintiff's file.

46. Defendant's willful and/or reckless violation of the statute entitles Plaintiff to actual damages, attorney's fees as well as statutory penalties.

47. Alternatively, Plaintiff alleges that Defendant's conduct was negligent.

## FIFTH CAUSE OF ACTION

**(Defamation INDIVIDUALLY against CAA and Does 1-10)**

48. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

49. Defendant CAA defamed Plaintiff by willfully and falsely claiming that Plaintiff did not pass a criminal background check despite the lack of an existence of a criminal record.

50. Notwithstanding the fact that no criminal history has ever been disclosed by HireRight and that Plaintiff has never been prosecuted and/or convicted of a criminal offense, Defendant CAA informed HireRight that Plaintiff failed his criminal background check by adjudicating that Plaintiff's criminal background "Did Not Meet Company Standards."

51. Plaintiff's reputation was damaged and Plaintiff suffered actual damages including but not limited emotional distress.

52. Alternatively, Plaintiff alleges that Defendant's conduct was negligent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

a. For a declaration that Defendants' practices violated the statutes as specified above;
b. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against all Defendants;
c. For interest upon such damages as permitted by law;
d. For injunctive relief;
e. For an award of reasonable attorneys' fees provided by law under all applicable statutes;
f. For the costs of suit; and
g. For such other orders of the Court and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby request and demand a jury trial on all issues triable by jury.

DATED: May 21, 2019

DEVIN H. FOK ESQ.
**DHF LAW, P.C.**

By: _____
Devin H. Fok
Attorney for Plaintiff

CLASS ACTION COMPLAINT FOR DAMAGES